**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MIGUEL AUGUSTO CORDERO,

    Plaintiff,

v.                                                      No. CV 09-1089 MCA/GBW

WARDEN TERRY & FRAWNER,
MTC, OTERO COUNTY PROCESSING CENTER,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The complaint alleges that Plaintiff has been illegally strip-searched and his religious dietary practices have not been accommodated. Plaintiff contends that these actions have violated his constitutional protections. The complaint seeks damages. For the reasons below, certain of Plaintiff's claims will be dismissed, and notice and waiver of service forms will be issued for Defendants Terry and Frawner.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

No relief is available on Plaintiff's claims against Defendants MTC and Otero County Processing Center. Plaintiff makes no allegations against either of these Defendants affirmatively linking them to the asserted deprivations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the alleged constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Furthermore, Defendant Otero County Processing Center is not a suable entity. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (citing *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("[A] detention facility is not a person or legally created entity capable of being sued.")). The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants MTC and Otero County Processing Center are DISMISSED, and Defendants MTC and Otero County Processing Center are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Terry and Frawner.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　M. CHRISTINA ARMIJO
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE