IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL A. CORDERO,

    Plaintiff,

    v.                                                    No. CV 09-1089 MCA/GBW

FNU TERRY, and FNU FRAWNER,

    Defendants.

PROPOSED FINDINGS AND RECOMMENDATION

    This matter is before the Court *sua sponte.* On November 6, 2009, Mr. Cordero filed a complaint in which he alleged that his constitutional rights were violated when guards strip searched him with the air conditioning on full power in front of screaming female officers. *Doc. 1.* He also claims his religious freedom was curtailed when Defendant Frawner told him via response to a complaint that "commonfare is not required to be cooked according to Ice standards." *Id.* Plaintiff seeks $30,000,000.00 in damages. *Id.* Due to Plaintiff's failure to prosecute his case, I recommend this matter be dismissed without prejudice.

    On May 12, 2010, I ordered Defendants to file a *Martinez* Report by July 12, 2010 and Plaintiff to respond to the Report no later than August 11, 2010. *Doc. 11.* By the same Order, the parties were informed that "the *Martinez* Report may be used in deciding

whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte* . . .." *Id.* I later extended the deadlines by two weeks upon Defendants' request. *Doc. 13.*

On July 26, 2010, Defendants filed a *Martinez* Report and Motion for Summary Judgment. *Docs. 14, 15.* By order of the Court, Plaintiff had until August 25, 2010 to respond. *See doc. 13.* On August 26, 2010, Defendants filed a Motion to Dismiss due to Plaintiff's failure to respond to the Report and Motion for Summary Judgment. *Doc. 16.* The response deadline for Defendant's Motion to Dismiss passed on September 13, 2010. On September 20, 2010, the Court issued an Order to Show Cause why Plaintiff's complaint should not be dismissed for failure to prosecute. *Doc. 17.* Plaintiff was given 21 days to respond to the Order to Show Cause. *Id.* That time has now passed, and, to date, Plaintiff has failed to respond to the *Martinez* Report, Motion for Summary Judgment, Motion to Dismiss, and the Order to Show Cause. In fact, Plaintiff has made no filings since December 10, 2009, when he notified the Court that he gave power of attorney to his brother. *Doc. 5.*

As explained in the Order to Show Cause, under our Local Rules "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). Moreover, Plaintiff's failure to abide by the deadline ordered by the Court indicates a lack of interest in litigating his claims, and the Court has authority to dismiss his claims for failure to prosecute. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962)("The authority of a court

to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also Childs v. Ortiz*, 259 F. App'x 139, 141 (10th Cir. 2007). The Court also derives authority to dismiss a case *sua sponte* for lack of prosecution from Federal Rule of Civil Procedure 41(b). *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007)(citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir.2003))("'Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions *sua sponte* for a plaintiff's failure to ... comply with the rules of civil procedure or court's orders'").

It would be inappropriate for the Court to grant summary judgment for Defendants by operation of Local Rule 7.1 because of Plaintiff's failure to timely respond. *Reed v. Bennett*, 312 F.3d 1190, 1193-95 (10th Cir. 2002); *Sizemore v. State of New Mexico Dept. Of Labor*, 182 F. App'x 848, 853 (10th Cir. 2006). However, the Court may dismiss the case as a sanction for failure to prosecute. *See AdvantEdge Business Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the Court dismisses without prejudice, no special analysis is required. *Id.*; *Nasious*, 492 F.3d at 1162. On the other hand,

a dismissal *with* prejudice is a harsh remedy, and the court should ordinarily first consider certain factors, including:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir.2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)).  Moreover, these factors should also be considered where the statute of limitations would mean that a dismissal without prejudice would have the practical effect of a dismissal with prejudice.  *Gocolay v. New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992).

I recommend that Plaintiff's Complaint be dismissed without prejudice, and, thus, an examination of the *Ehrenhaus* factors is not required.  In the event that any of Plaintiff's claims are now barred by the applicable statute of limitations, I will consider those factors herein.

<u>Degree of Prejudice to Defendants</u> – Plaintiff's allegations of abuse date back to more than a year and a half ago.  Further delay prejudices the Defendants given that the memory and availability of witnesses diminishes with time.  *See Green v. Dorrell*, 969 F.2d 915, 918 (10th Cir. 1992)(delay caused by Plaintiff's failure to respond weighed in favor of dismissal where events alleged occurred two years or more before Plaintiff filed his complaint).  Moreover, this is not a case of a single delay, but rather the accumulation of several delays due to Plaintiff's failure to respond to two orders and two dispositive

defense motions. Even a single non-appearance for a deposition has been held to be prejudicial due to the subsequent delay and mounting attorney's fees. *See Ehrenhaus*, 965 at 921. Consequently, this factor weighs in favor of dismissal.

Amount of Interference with the Judicial Process – Plaintiff has flouted the Court's Order to respond to Defendants' *Martinez* Report, ignored Defendants' motions for dismissal and summary judgment, and simply disregarded the Court's Order to Show Cause. Plaintiff's conduct is significantly interfering with the Court's ability to effectively resolve the lawsuit he filed. This factor weighs in favor of dismissal.

Litigant's Culpability – Given that Plaintiff is proceeding *pro se,* this is not a case in which a negligent counsel imperils his client's access to the courts. Plaintiff himself is responsible for his failure to respond to Defendants' motions, the *Martinez* Report, and the Court's Order to Show Cause. This factor weighs in favor of dismissal.

Whether Court Warned Party – Plaintiff was advised that the *Martinez* Report could lead to a *sua sponte* granting of summary judgment. *Doc. 14.* More directly, the Order to Show Cause advised Plaintiff that his failure to respond "indicate[d] a lack of interest in litigating his claims." *Doc. 17.* Plaintiff was ordered to "show cause why his complaint should not be dismissed." *Id.* Plaintiff was clearly warned that dismissal could be the result of his inaction, and, thus, this factor weighs in favor of dismissal.

Efficacy of Other Sanctions – Plaintiff is an indigent prisoner who has been granted the privilege of proceeding *in forma pauperis*. He would not be able to afford monetary

sanctions, and it would be superfluous to jail an already incarcerated person for contempt. No sanction, other than dismissal, would be effective.

Despite the fact that these factors support an outright dismissal with prejudice, this Court is mindful of the Tenth Circuit's admonishment that, especially in *pro se* cases, it "carefully assess whether it might appropriately impose some sanction other than dismissal [with prejudice]." *Nasious* , 492 F.3d at 1163 (10th Cir. 2007)(citing *Ehrenhaus*, 965 F.2d at 920 n.3).  Therefore, I recommend dismissal without prejudice, which will permit Plaintiff to refile any claims not barred by the statute of limitations if he so wishes.

I THEREFORE RECOMMEND that Plaintiff's case be dismissed without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE